## LAW OFFICES OF DAVID A. BRANCH, P.C.
### 1825 Connecticut Avenue, NW Suite 690
### Washington, DC  20009
### (202) 785-2805 ph.
### (202) 785-0289 fax

FAX COVER SHEET

DATE:       September 14, 2005

TO:         David Flohr

FAX:        (646) 674-9352

FROM:       David A. Branch

RE:         Rosier v. Betsey Johnson, et al
            Complaint, Summons and Initial Order


Number of pages including cover sheet:  12

Message:

CONFIDENTIALITY NOTICE: THIS TRANSMISSION CONTAINS CONFIDENTIAL
INFORMATION WHICH MAY ALSO BE LEGALLY PRIVILEGED AND WHICH IS INTENDED
FOR THE SOLE USE OF THE ADDRESSEE. YOU ARE HEREBY NOTIFIED THAT ANY
DISSEMINATION, DISTRIBUTION, OR DUPLICATION OF THIS TRANSMISSION, OR TAKING
OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THE TELECOPY INFORMATION, BY
SOMEONE OTHER THAN THE ADDRESSEE OR ITS DESIGNATED AGENT, IS STRICTLY
PROHIBITED. IF YOU RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY THE
SENDER IMMEDIATELY AT THE ABOVE TELEPHONE NUMBER AND RETURN THE ENTIRE
FACSIMILE TO ME AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.

**EXHIBIT**

A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHELLE ROSIER
Vs.                                        C.A. No.    2005 CA 007478 B
BJ VINES INC

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will **receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                        Chief Judge Rufus G. King, III

Case Assigned to: Judge GEOFFREY M ALPRIN
Date: September 14, 2005
Initial Conference: 9:00 am, Friday, December 23, 2005
Location:  Courtroom 320
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

| | |
|---|---|
| Michelle Rosier | 05-0007478 |
| *Plaintiff* | |
| vs. | Civil Action No. |
| BJ Vines Inc./Betsey Johnson | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 pm., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| David A. Branch | |
| Name of Plaintiff's Attorney | By _____ |
| 1825 Connecticut Ave., NW, Suite 690 | *Deputy Clerk* |
| Address | |
| Washington, D.C. 20009 | |
| (202) 785-2805 | Date    9/14/05 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(3)-0000/Rev. 93

NOTE:  SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## LAW OFFICES OF DAVID A. BRANCH, P.C.
1825 Connecticut Avenue, NW Suite 690
Washington, DC 20009
(202) 785-2805 ph.
(202) 785-0289 fax

FAX COVER SHEET

DATE:       September 14, 2005

TO:         David Plohr

FAX:        (646) 674-9352

FROM:       David A. Branch

RE:         Rosier v. Betsey Johnson, et al
            Complaint, Summons and Initial Order

Number of pages including cover sheet:  12

Message:

CONFIDENTIALITY NOTICE: THIS TRANSMISSION CONTAINS CONFIDENTIAL
INFORMATION WHICH MAY ALSO BE LEGALLY PRIVILEGED AND WHICH IS INTENDED
FOR THE SOLE USE OF THE ADDRESSEE. YOU ARE HEREBY NOTIFIED THAT ANY
DISSEMINATION, DISTRIBUTION, OR DUPLICATION OF THIS TRANSMISSION, OR TAKING
OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THE TELECOPY INFORMATION, BY
SOMEONE OTHER THAN THE ADDRESSEE OR ITS DESIGNATED AGENT, IS STRICTLY
PROHIBITED. IF YOU RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY THE
SENDER IMMEDIATELY AT THE ABOVE TELEPHONE NUMBER AND RETURN THE ENTIRE
FACSIMILE TO ME AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHELLE ROSIER

Vs.

BJ VINES INC

C.A. No.     2005 CA 007478 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will **receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once,** with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge GEOFFREY M ALPRIN
Date: September 14, 2005
Initial Conference: 9:00 am, Friday, December 23, 2005
Location:  Courtroom 320
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

05/14/2005  15:49  2027858289    DAVID A. BRANCH    PAGE  03/13

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C.  20001  Telephone:  879-1133

| Michelle Rosler | |
|---|---|
| | *Plaintiff* |

05-0007478

vs.

Civil Action No. _____

| BJ Vines Inc./Betsey Johnson | |
|---|---|
| | *Defendant* |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| David A. Branch | |
|---|---|
| Name of Plaintiff's Attorney | |
| 1825 Connecticut Ave., NW, Suite 690 | |
| Address | |
| Washington, D.C. 20009 | |
| (202) 785-2805 | |
| Telephone | |

By _____
Deputy Clerk

Date    9/14/05

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(3)040/Mar, 93

NOTE:  SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

MICHELLE ROSIER                        )
11412 Hermitt                          )
Clinton, MD 20735                      )
                                       )
              Plaintiff,               )    Case No.:
                                       )
              v.                       )
                                       )
BJ VINES INC.                          )
d/b/a BETSEY JOHNSON                    )
498 7th Avenue                         )
21st Floor                             )    JURY TRIAL DEMAND
New York, NY 10001                     )
                                       )
And                                    )
                                       )
JANE ROSER                             )
Betsey Johnson                         )
Tyson's Galleria                       )
1809 G International Drive             )
McLean, VA 22102                       )
                                       )
              Defendants.              )
                                       )

## COMPLAINT

Comes now Plaintiff Michelle Rosier, by and through counsel, and files this

complaint against Defendants BJ Vines Inc./Betsey Johnson (hereafter referred to as

Betsey Johnson) and Jane Roser.

### Jurisdiction

1.    This Court has jurisdiction over the subject matter of this action under D.C. Code

Ann. Sec. 11-921.

### Venue

# LAW OFFICES OF DAVID A. BRANCE, P.C.
## 1825 Connecticut Avenue, NW Suite 690
### Washington, DC 20009
### (202) 785-2805 ph.
### (202) 785-0289 fax

FAX COVER SHEET

DATE:       September 14, 2005

TO:         David Flohr

FAX:        (646) 674-9352

FROM:       David A. Branch

RE:         Rosier v. Betsey Johnson, et al
            Complaint, Summons and Initial Order

Number of pages including cover sheet:  12

Message:

CONFIDENTIALITY NOTICE: THIS TRANSMISSION CONTAINS CONFIDENTIAL
INFORMATION WHICH MAY ALSO BE LEGALLY PRIVILEGED AND WHICH IS INTENDED
FOR THE SOLE USE OF THE ADDRESSEE. YOU ARE HEREBY NOTIFIED THAT ANY
DISSEMINATION, DISTRIBUTION, OR DUPLICATION OF THIS TRANSMISSION, OR TAKING
OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THE TELECOPY INFORMATION, BY
SOMEONE OTHER THAN THE ADDRESSEE OR ITS DESIGNATED AGENT, IS STRICTLY
PROHIBITED. IF YOU RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY THE
SENDER IMMEDIATELY AT THE ABOVE TELEPHONE NUMBER AND RETURN THE ENTIRE
FACSIMILE TO ME AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHELLE ROSIER
Vs.                                              C.A. No.     2005 CA 007478 B
BJ VINES INC

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. This order is **the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once,** with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge GEOFFREY M ALPRIN
Date: September 14, 2005
Initial Conference: 9:00 am, Friday, December 23, 2005
Location:   Courtroom 320
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

Cinio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| Michelle Rosler | 05-0007478 |
| *Plaintiff* | |
| vs. | Civil Action No. _____ |
| BJ Vines Inc./Betsey Johnson | |
| *Defendant* | |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am and 4:00 pm, Mondays through Fridays or between 9:00 am and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| David A. Branch | |
| Name of Plaintiff's Attorney | By _____ |
| 1825 Connecticut Ave., NW, Suite 690 | Deputy Clerk |
| Address | |
| Washington, D.C. 20009 | |
| (202) 785-2805 | Date   9/14/05 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(3)[m]/May, 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MICHELLE ROSIER )
11412 Hermitt )
Clinton, MD 20735 )

                Plaintiff, )    Case No.:

                v. )

BJ VINES INC. )
d/b/a BETSEY JOHNSON )
498 7th Avenue )
21st Floor )    JURY TRIAL DEMAND
New York, NY 10001 )

And )

JANE ROSER )
Betsey Johnson )
Tyson's Galleria )
1809 G International Drive )
McLean, VA 22102 )

             Defendants. )



RECEIVED
CIVIL CLERK'S OFFICE
05-0007412005    SEP 12 2005
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

## COMPLAINT

Comes now Plaintiff Michelle Rosier, by and through counsel, and files this

complaint against Defendants BJ Vines Inc./Betsey Johnson (hereafter referred to as

Betsey Johnson) and Jane Roser.

### Jurisdiction

1.    This Court has jurisdiction over the subject matter of this action under D.C. Code

Ann. Sec. 11-921.

### Venue

2.     Venue is proper in this court in that the action giving rise to this claim occurred in
the District of Columbia.

## Parties

3.     Plaintiff Michelle Rosier, an African American female, was employed with
Betsey Johnson as a Manager for four years up until her unlawful termination on May 31,
2005.

4.     Defendant Betsey Johnson is a national clothing store operating within the
District of Columbia.

5.     Defendant Jane Roser, a Caucasian female, was the area manager for Betsey
Johnson.

## Facts

6.     Ms. Rosier began employment with Betsey Johnson on December 17, 2000. Ms.
Rosier most recently held the position of manager of a retail store located in the
Georgetown area of Washington, D.C.   At all pertinent times, Ms. Rosier met or
exceeded expectations set forth by Betsey Johnson personnel.

7.     Ms. Rosier's last supervisors were Jane Roser, Area Manager and Angelica
Ayala, Regional Manager, both Caucasian females.

8.     Shortly after Roser assumed the duties as area manager, she engaged in efforts to
force Ms. Rosier to leave the Georgetown store so she could be replaced with one of her
Caucasian female friends. Betsey Johnson sent secret shoppers to stores to assess the
condition of the stores and customer relations.  Even though secret shoppers consistently
found no problems with the condition of the Georgetown store or issues of customer
relations with the personnel, Roser made frequent unannounced appearances at the

2

Georgetown store and then manufactured, exaggerated and fabricated reports of the conditions of the store and conduct of staff. Roser visited the Georgetown store more often than other stores in her territory. The objective of Roser's harassment was to find a reason to terminate Ms. Rosier so that she could replace Ms. Rosier with a friend within Betsey Johnson.

9.      To undermine Ms. Rosier's authority, Roser would arrive at the store and give Ms. Rosier's staff members directives which conflicted with company policy or were opposite to instructions they had received from Ms. Rosier. Roser falsely accused Ms. Rosier of misusing vacation time, improperly training her staff and opening the store late. Roser disingenuously accused Ms. Rosier of being tardy to a store meeting. On this occasion, Roser scheduled a staff meeting on Sunday morning, which was Ms. Rosier's day off. Ms. Rosier inquired of Roser if it would be permissible for her to arrive later at the meeting because she attended church on Sunday. Roser indicated that it would not be a problem. On the day of the meeting, Ms. Rosier called Roser and informed her that she would be late arriving at the meeting because she had attended church service. When Ms. Rosier arrived at the agreed upon time, she was later accused of being "extremely tardy" for the staff meeting, and this incident was later cited as a basis for her termination.

10.     On May 31, 2005, Roser met with Ms. Rosier at the Betsey Johnson store in Washington, D.C. to inform Ms. Rosier of her termination, effective that day. Roser stated that Ms. Rosier was being terminated because "upper management has come to the decision that at this point a management change is necessary to keep DC store running efficiently and to increase sales." Roser claimed that "meetings have been held

3

about the seriousness of increasing sales and being compliant. Upper management has

not seen a satisfactory improvement."

11.    The termination checklist falsely indicated that efforts were undertaken to

improve Ms. Rosier's performance, including a formal meeting, informal meetings,

emails and site visits, and that Ms. Rosier received a disciplinary interview on March 31,

2005, and ongoing informal warnings.  These allegations are false.  Ms. Rosier

acknowledges there were ongoing meetings with her and all of the store managers on

increasing sales but denies any violations of company rules or regulations at the

Georgetown store, or ongoing discipline to correct problems.

12.    Ms. Rosier was replaced on the day of her termination by Roser's friend, a

Caucasian female.  Following her termination, Roser told at least one customer that Ms.

Rosier was terminated because money was missing from the store.  In addition, Roser

contacted other African American employees who worked at the store and encouraged

them to quit because of the new store manager.

<u>Count I</u>

<u>Violation of D.C. Human Rights Act</u>

(Rosier v. Betsey Johnson and Jane Roser)

Rosier realleges and incorporates the allegations of all paragraphs above as if

fully set forth herein.

13.    At all pertinent times, Betsey Johnson was an employer subject to provisions of

D.C. Human Rights Act, 1-1401 et seq. (DCHRA), of the District of Columbia Code, and

Defendant Roser was an individual subject to provisions of the DCHRA.

4

14.    At all pertinent times, Rosier was an employee entitled to protection under the

D.C. Human Rights Act.

15.    The D.C. Human Rights Act prohibits discrimination in employment based on an

individual's race.

16.    In violation of the D.C. Human Rights Act, Defendants knowingly and

intentionally engaged in unlawful discrimination, including but not limited to: subjecting

Rosier to disparate treatment and a hostile work environment based on her race.

Defendant Betsey Johnson, by and through its agents, evaluated Ms. Rosier on a standard

different from other managers, undermined Ms. Rosier's managerial authority by making

frequent visits to her store and giving her staff members directives which conflicted with

company policy or were opposite to instructions they had received from Ms. Rosier;

terminated Ms. Rosier without substantiated cause and for discriminatory reasons; and

made false accusations about Ms. Rosier to her former customers.  As a result of

Defendant's actions, Plaintiff has suffered emotional distress and severe harm.

WHEREFORE, Plaintiff prays as follows:

A.    Enter judgment against the Defendants;

B.    That the court award to Rosier damages in an amount equal to all of her

accumulated lost wages and benefits, including back pay, front pay and

benefits; compensatory damages and punitive damages for the financial and

emotional harm caused by Defendants, including prejudgment and post-

judgment interest and any other damages permitted under the D.C. Human

Rights Act;

5

C.   Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

D.   That the Court award Rosier such other relief as to which she may be deemed entitled.

## Count II

### Defamation

#### (Rosier v. Betsey Johnson and Roser)

Rosier incorporates by reference paragraphs one through sixteen as if fully stated herein.

17.   Plaintiff Rosier is an individual entitled to protection from defamatory statements of individuals and employers.

18.   The law in the District of Columbia is that a statement is defamatory if it tends to injure the plaintiff in her trade, profession or community standing, or lower her reputation in the estimation of the community. One who publishes a slander that ascribes to another conduct, characteristics or a condition that would adversely affect her fitness for the proper conduct of her lawful business, trade or profession is subject to liability without proof of special harm.

19.   Defendant Betsey Johnson, by and through its agent, Defendant Jane Roser, defamed Ms. Rosier by making false statements that Ms. Rosier was terminated for theft to Betsey Johnson employees and customers following the termination of Ms. Rosier. As a result of Defendant's actions, Plaintiff has suffered emotional distress and severe harm. Wherefore Plaintiff prays as follows:

A.   Enter judgment against the Defendants;

6

B. That the court award to Rosier damages in an amount equal to all of her accumulated lost wages and benefits, including back pay, front pay and benefits compensatory damages and punitive damages for the financial and emotional harm caused by Defendants, including prejudgment and post-judgment interest and any other damages permitted under the District of Columbia law;

C. Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

D. That the Court award Rosier such other relief as to which she may be deemed entitled.

## Count III

### Interference with Employment Contract

#### (Rosier v. Roser)

Rosier incorporates by reference paragraphs one through nineteen as if fully stated herein.

20.     Plaintiff Rosier was employed pursuant to an express or implied contract/agreement. Defendant Roser was aware of the contract/agreement and engaged in intentional acts to interfere with Ms. Rosier's employment with Betsey Johnson. Specifically, Defendant Roser made material false representations regarding Rosier's performance to create the appearance that Ms. Rosier was not performing her job to the level expected to justify her termination. Defendant Roser used these false representations to justify Rosier's termination, and support its assertion that Rosier was not performing in comparison to other Betsey Johnson managers.

7

21.    Defendant Roser knew her actions were not based on facts, and were maliciously and intentionally undertaken to interfere with Rosier's employment with Betsey Johnson.

22.    As set forth above, Defendant Roser knew that Betsey Johnson would rely on the false representations to terminate Rosier's employment.

23. '    As a result of Betsey Johnson's reliance on the false reports of Rosier's performance, Rosier has suffered loss of employment and benefits, and irreparable harm to her personal and professional reputation.

        Wherefore, Rosier requests the court's judgment against the individual defendants individually and severally and requests that the court:

    a.    Enter judgment against the Defendants;

    b.    That the court award to Rosier damages in an amount equal to all of her accumulated lost wages and benefits, including back pay, front pay and benefits compensatory damages and punitive damages for the financial and emotional harm caused by Defendants, including prejudgment and post-judgment interest and any other damages permitted under the District of Columbia law;

    c.    Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

    d.    That the Court award Rosier such other relief as to which she may be deemed entitled.

8

Respectfully submitted,

David A. Branch #438764
Law Offices of David A. Branch, P.C.
1825 Connecticut Avenue, N.W.
Suite 690
Washington, D.C. 20009
(202) 785-2805 phone
(202) 785-0289 fax

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all counts.

9