IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHELLE ROSIER** )<br>)<br>**Plaintiff,** )<br>) **Case No.: 05-1906**<br>**v.** )<br>)<br>**BJ VINES INC.** ) **(EGS)**<br>**d/b/a BETSEY JOHNSON** )<br>)<br>**AND** )<br>)<br>**JANE ROSER** )<br>)<br>**Defendants.** )<br>) | |

## PLAINTIFF'S MOTION FOR REMAND

Comes now Plaintiff Michelle Rosier, by and through counsel, and files this motion for remand, and in support thereof states as follows.

Plaintiff filed a complaint in the Superior Court for the District of Columbia on September 14, 2005, against her former employer, BJ Vines Inc. d/b/a Betsey Johnson and Jane Roser, alleging violations of the D.C. Human Rights Act, defamation, and intentional interference of employment contract. Defendants responded by filing a petition for removal. Because Defendants have not and can not satisfy the requirements for removing this action, this case should be remanded to the Superior Court for the District of Columbia.

This action is a purely local matter which alleges a violation of the D.C. Human Rights Act, and local common law. There are no federal claims. Jurisdiction lies exclusively in the D.C. Superior Court. Defendants argue that the federal court has

jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), because **"upon information and belief"** this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Petition at 2 (emphasis added).  This claim is not true and should be rejected by the court.

There is no basis for Defendants' claim that the controversy exceeds $75,000.  It is far from clear that Plaintiff's damages will exceed $75,000 and there is no basis for this claim.  Plaintiff has not specified the precise amount of damages sought.  Thus, Defendants have not satisfied the amount in controversy requirement.  The federal court is already overburdened with federal employment claims, and should not exercise jurisdiction over a purely local District of Columbia claim. Defendants' attempt to remove the case to federal court is a classic case of "forum shopping" to deprive the Plaintiff of her choice of court, which should not be tolerated by the court.  Plaintiff requests that the case be remanded to the D.C. Superior Court.  Plaintiff sought Defendants consent to the relief requested and Defendants counsel indicated he would not consent to the relief requested.

WHEREFORE Plaintiff submits that Defendants have not satisfied the requirements for removal and that this matter should be remanded to the Superior Court for the District of Columbia.

                                            Respectfully submitted,

By:                 /s/
       David A. Branch
       Law Offices of David A. Branch, P.C.
       1825 Connecticut Avenue, NW
       Suite 690
       Washington, D.C. 20009

Phone: (202) 785-2805
Facsimile:  (202) 785-0289

**Certificate of Service**

I hereby certify this 14th day of October 2005, that a copy of the foregoing Motion for Remand was sent electronically to counsel for Defendants listed below:

Stuart L. Peacock
1250 Eye Street, NW
Suite 600
Washington, D.C. 20005

_____/s/_____
David A. Branch

3