## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MICHELLE ROSIER,**
11412 Hermitt
Clinton, Maryland 20735,

               Plaintiff,

                **v.**

**BJ VINES INC. d/b/a**
**BETSEY JOHNSON**
498 7th Avenue
21st Floor
New York, New York 10001

and

**JANE ROSER**
10169 Mosby Woods Drive
# 306
Fairfax, Virginia 22030-1731

           Defendants.

CASE NO.: 05 1906 EGS
Judge Emmet G. Sullivan

---

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

Defendants BJ VINES INC. D/B/A BETSEY JOHNSON and JANE ROSER (hereinafter collectively referred to as the "Defendants"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP and MIRANDA & SOKOLOFF, and in accordance with Rule 7(b) L.R. D.D.C., hereby files its Opposition to Plaintiff's Motion for Remand with Incorporated Memorandum of Law. The grounds for this Opposition are set forth below.

1.  On or about September 12, 2005, Plaintiff Michelle Rosier filed a an action in the Superior Court for the District of Columbia, styled *Michelle Rosier v. BJ Vines Inc. d/b/a Betsey*

CASE NO.:  05 1906 EGS
Judge Emmet G. Sullivan

*Johnson and Jane Roser,* Case No. 05-0007478 (hereinafter the "*Rosier* Complaint" or "*Rosier*

Suit").

    2.  On or about September 27, 2005, Defendants removed the *Rosier* Action to this

Court pursuant to 28 U.S.C. §§ 1332(a), and 1441(a).

    3.  28 U.S.C. §§ 1332(a) states, in pertinent part, that:

> [t]he district courts shall have original jurisdiction of all
> civil actions where the matter in controversy exceeds the
> sum or value of $75,000, exclusive of interest and costs,
> and is between – (1)  citizens of different States.

    4.  Likewise, 28 U.S.C. § 1441(a) states, in pertinent part, that:

> [e]xcept as otherwise expressly provided by Act of
> Congress, any civil action brought in a State court of which
> the district courts of the United States have original
> jurisdiction, may be removed by the defendant or the
> defendants, to the district court of the United States for the
> district and division embracing the place where such action
> is pending.

    5.  According to the *Rosier* Complaint, the Plaintiff Michelle Rosier is domiciled in

the State of Maryland.

    6.  Further, the *Rosier* Complaint states that Defendant BJ Vines, Inc. d/b/a Betsey

Johnson' principal place of business and/or State of incorporation is the State of New York and

that Defendant Jane Roser is domiciled in the State of Virginia.

    7.  Plaintiff, in her Motion to Remand the *Rosier* Suit, contends that this Court lacks

jurisdiction under 28 U.S.C. §§ 1332(a) because the amount in controversy does not exceed the

sum or value of seventy-five thousand dollars ($75,000).

    8.  More specifically, however, Plaintiff contends that:

2

CASE NO.: 05 1906 EGS
Judge Emmet G. Sullivan

> There is no basis for Defendant's claim that the controversy exceeds $75,000. It is far from clear that Plaintiff's damages will exceed $75,000 and there is no basis for this claim. Plaintiff has not specified the precise amount of damages sought. Thus, Defendants have not satisfied the amount in controversy required.

(*See* Plaintiff's Motion to Remand at 2.)

9. On or about June 17, 2005, Plaintiff's counsel sent a letter to Defendant Betsey Johnson d/b/a BJ Vines, Inc. in which he detailed the alleged discriminatory employment practices leveled against his client. In that letter, Plaintiff's counsel demanded two-hundred one thousand five hundred dollars ($201,500). A true and correct copy of that letter is attached hereto as Exhibit A.

10. In light of Plaintiff's demand to Defendants of an amount in excess of the jurisdictional minimum under 28 U.S.C. §§ 1332(a), Defendants are obligated to remove the *Rosier* Suit to this Court or risk waiving this right.

11. There is no doubt in Defendants mind that if they wait until the discovery phase of this litigation to determine the amount in controversy, Plaintiff would surely argue that Defendants should have removed this suit earlier, and accordingly, that Defendants waived their right to remove this lawsuit at any later juncture.

12. Furthermore, counsel for Defendant has communicated with counsel for Plaintiff in order to determine if the damages sought by Plaintiff in this suit exceed the jurisdictional minimum of $75,000. Plaintiff's counsel simply reiterated the fact that the *Rosier* Complaint does not state a specific amount of damages sought and also refused to stipulate that his client's

138171-1

CASE NO.: 05 1906 EGS
Judge Emmet G. Sullivan

damages did not exceed $75,000. *See* Affidavit of Stuart L. Peacock, Esq. A true and correct
copy of the affidavit is attached hereto as Exhibit B.

13. In addition, on or about October 14, 2005, Defendants sent a Request for
Admission to Plaintiff asking Plaintiff to admit or deny that the damages Plaintiff seeks in her
lawsuit does not exceed $75,000. Plaintiff's Response is still pending. A true and correct copy
of Defendants First Set of Requests for Admissions is attached hereto as Exhibit C.

14. Defendants also note that the Rosier Complaint attempts to allege a cause of
action under the D.C. Human Rights Act, §§ 1-1401, et seq., which provides payment of
reasonable attorney fees upon successful prosecution under the statute. The Supreme Court, in
*Missouri State Life Ins. C. v. Jones*, 290 U.S. 199, 54 S.Ct. 133 (1933), held that, where attorneys
fees are recoverable by statute, they are part of the amount in controversy for purposes of
diversity jurisdiction. *See also Suber v. Chrysler Corp.,* 104 F.3d 578, 585 (3d Cir. 1997).

15. Moreover, federal courts are reluctant to dismiss a case for lack of jurisdiction
under 28 U.S.C. §§ 1332(a) unless there is a legal certainty that the claim does not satisfy the
amount in controversy requirement of the statute. *See St. Paul Mercury Indem. Co. v. Red Cab
Co.,* 303 U.S. 283 (1938)

16. In *Rosenboro v. Kim,* 994 F.2d 13, 16-17 (D.C. Cir. 1993) the court was faced
with a similar issue concerning the amount in controversy of a claim filed in federal court under
28 U.S.C. §§ 1332(a). The *Rosenboro* court cited to *St. Paul Mercury Indem. Co. v. Red Cab
Co.,* 303 U.S. at 288-89, (1938,) where the Supreme Court announced that "it must appear to a
legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."
*Id.* at 16. The *Rosenboro* court also noted that the "Supreme Court's yardstick demands that

4

CASE NO.: 05 1906 EGS
Judge Emmet G. Sullivan

courts be very confident that a party cannot recover the jurisdictional amount before dismissing the case for want of jurisdiction." *Id.* at 17 (citing *Martin v. Gibson,* 723 F.2d 989, 991, 993 (D.C. Cir. 1983)).

17. In her suit, Plaintiff alleges that she was unlawfully terminated from her employment and seeks accumulated lost wages and benefits, compensatory and punitive damages.

WHEREFORE, Defendants Betsey Johnson d/b/a BJ Vines, Inc. and Jane Roser respectfully request this Court to deny Plaintiff's Motion for Remand.

DATED this 1st day of November, 2005.

Respectfully submitted,

STUART L. PEACOCK, ESQUIRE
Bar No. 428908
Bonner Kiernan Trebach & Crociata
1250 I Street, N.W., Suite 600
Washington, DC 20005
Tel: (202) 712-7000
Fax: (202) 712-7100

BRIAN S. SOKOLOFF, ESQUIRE
Miranda & Sokoloff
240 Mineola Boulevard
Mineola, NY 11501
Tel: (516) 741-7676
Fax: (516) 741-9060

**Attorneys for Defendants BJ Vines Inc. d/b/a
and Jane Roser**

5

138171-1

CASE NO.:  05 1906 EGS
Judge Emmet G. Sullivan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the

Court's Electronic Court Filing system this 1st day of November, 2005, upon:

David A. Branch, Esq.
**LAW OFFICES OF DAVID A. BRANCH, PC**
1825 Connecticut Avenue, N.W.
Suite 690
Washington, DC 20009

**Counsel for Plaintiff Michelle Rosier**

Stuart L. Peacock #428908

6

138171-1