IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHELLE ROSIER, <br> 11412 Hermitt <br> Clinton, Maryland 20735, | : <br> : <br> : | |
| Plaintiff, | : | CASE NO.: 05 1906 EGS <br> Judge Emmet G. Sullivan |
| v. | : | |
| BJ VINES INC. d/b/a <br> BETSEY JOHNSON <br> 498 7th Avenue <br> 21st Floor <br> New York, New York 10001 | : <br><br><br><br> : | |
| and <br><br> JANE ROSER <br> 10169 Mosby Woods Drive <br> # 306 <br> Fairfax, Virginia 22030-1731 | <br> : <br><br> : <br><br> : | |
| Defendants. | : | |

## REPORT TO COURT PURSUANT TO LOCAL RULE 16.3(d)

The parties, having conferred with each other pursuant to Local Rule 16.3(c), hereby report the following to the Court.

### Plaintiff's Statement of the Case

Plaintiff Michelle Rosier, an African American female and former manager of the Betsy Johnson clothing store in Washington, D.C., has filed a complaint alleging discrimination based on her race (in violation of the D.C. Human Rights Act) arising from her termination from employment in May 2005 by the Area Manager, Jane Roser, a Caucasian and replacement with a Caucasian female. Plaintiff also alleges defamation and interference with employment

CASE NO.: 05 1906 EGS
Judge Emmet G. Sullivan

relationship against Roser based on Roser's statements that Plaintiff was terminated because money was missing from the store and making false and malicious statements to cause her termination.

## Defendant's Statement of the Case

Defendants maintain that Michelle Rosier was terminated for non-discriminatory reasons. Defendants deny plaintiffs' defamation claims, either because Jane Roser did not make the statements attributed to her, because they were true, and/or because they are privileged.

1. No dispositive motion has yet been filed. Plaintiff does not believe that this case is likely to be disposed of by dispositive motion. Defendants believe that the case may be so disposed, but does not be believe that discovery or other matters should be stayed.

2. The parties agree that the date by which any other parties shall be joined and/or the pleadings amended shall be set at 30 days from the entry by the Court of its scheduling order.

3. Neither side agrees that the case should be assigned to a magistrate judge for all purposes, including trial.

4. Neither party feels that there is a realistic possibility of settling the case at this stage.

5. Neither side believes that this case could benefit at this stage from the Court's ADR procedures.

6. Plaintiff does not believe the case could be resolved by summary judgment. Defendants do. The parties proposed a discovery cutoff of June 2, 2006 and the following schedule for the filing of a summary judgment motion: defendants would have until July 5, 2006

2

CASE NO.: 05 1906 EGS<br>Judge Emmet G. Sullivan

to file their motion; plaintiff would have until August 7, 2006 to file opposition,, and defendants would have until August 21, 2006 to file a reply.

7.  The parties cannot stipulate on whether to dispense with the initial disclosures required by Fed. R. Civ. Pro. 26(a)(1). Plaintiff wants to dispense with them. Defendants do not.

8.  The parties anticipate a six month discovery period, with discovery concluded by June 2, 2005.

9.  The parties agree to the following dates for expert disclosure, pursuant to 26(a)(2): plaintiff to designate expert and provide expert report and information required by the rule by April 2, 2006; defendant to designate expert and provide information required by the rule by May 2, 2006.

10. This is not a class action and the procedures required by Fed. R. Civ. Pro. 23 do not apply.

11. Plaintiff maintains that the trial of this action should not be bifurcated. Defendants believe it should be bifurcated into liability and damages phases.

12. The parties leave it to the Court to set the date of a pretrial conference.

13. The parties believe that the Court should set the trial date at its pretrial conference.

14. The parties have no other matters for inclusion in a scheduling order.

3

CASE NO.: 05 1906 EGS
Judge Emmet G. Sullivan

Dated: Washington, D.C.
November 17, 2005

| LAW OFFICES OF DAVID A. BRANCH, P.C. | MIRANDA & SOKOLOFF, LLP |
|---|---|
| Attorneys for Plaintiff | Attorneys for Defendants |

By:_____/S/_____        By:_____/S/_____
    David A. Branch 438764                      Brian S. Sokoloff (BSS-7147)

1825 Connecticut Avenue, N.W., Suite 690    240 Mineola Boulevard
Washington, D.C. 20009                       Mineola, New York 11501
(202) 785-2805                               (516) 741-7676

4