## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHELLE ROSIER** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 05-1906** |
| **v.** ) | |
| ) | |
| **BJ VINES INC., et al.** ) | **(EGS)** |
| ) | |
| **Defendants.** ) | |
| ) | |

### PLAINTIFF'S REPLY TO MOTION TO REINSTATE COMPLAINT

Comes now Plaintiff Michelle Rosier, by and through counsel, and files this reply to the motion to reinstate complaint, and in support thereof states as follows.

Plaintiff moved to reinstate the complaint because counsel missed the initial scheduling conference. Defendant's counsel has filed a Declaration with the court requesting $2,627.41 in fees and costs, including 8 hours at $250/hour, Amtrak $320, hotel $216.41, cab fare $13.00, parking $78. Defendant's claimed costs are unreasonable and not allowable. First, Plaintiff's counsel apologizes to the court and opposing counsel for missing the status conference, but it is unimaginable that an attorney who misses a status conference would be required to pay over $2,600. In the life of a busy trial attorney, it is almost certain that at some point there will be a missed meeting or appearance. In sixteen years of practice, Counsel has attended many status conferences in the Federal Court and the Superior Court in the District of Columbia where attorneys do not appear for various reasons, and generally the court is not pleased, but usually attempts to reach counsel by telephone if counsel is local, reschedule the matter without any penalty, or allow the attorney to pay for one hour's time to opposing counsel.

Defendants have local counsel but counsel chose to travel from New York. During the course of this case, there will be many occasions that Defendants' counsel will need to be in Washington. Plaintiff's counsel can not be responsible to out of town travel expenses, including transportation, hotel, cab fare and parking for Defendants' counsel, simply because Defendants, who reside or operate a business in Washington, D.C. and the surrounding area, decided to retain out of town counsel. In any event, it is widely recognized in this court that attorneys may not bill at the full hourly rate for travel time. Judge Friedman has held in the Black Farmer's litigation that travel expenses may not be billed at the full hourly rate, but on at one-half the hourly rate. Pigford v. Glickman, 97cv1978. Counsel has offered to pay one hour's time of opposing counsel, which is reasonable, but this has been rejected.

Plaintiff requests that the court reinstate the complaint. If the court is inclined to impose some type of condition, Plaintiff submits that it should be no more than one hour's time, $250.

Wherefore Plaintiff requests that the court reinstate the complaint.


Respectfully submitted,


By:     _____/s/_____
        David A. Branch
        Law Offices of David A. Branch, P.C.
        1825 Connecticut Avenue, NW
        Suite 690
        Washington, D.C. 20009
        Phone: (202) 785-2805
        Facsimile: (202) 785-0289

**<u>Certificate of Service</u>**

I hereby certify this 20th day of January 2006, that a copy of the foregoing Reply to Motion to Reinstate Complaint was sent electronically to counsel for Defendants listed below:

Stuart L. Peacock
1250 Eye Street, NW
Suite 600
Washington, D.C. 20005

_____/s/_____
David A. Branch
